UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BARRY WILKEWITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07CV5 AGF |
| | ) |
| GAY LYNN FIFE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Barry Wilkewitz (registration no. 517064), an inmate at Northeast Correctional Center (NECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.86. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $29.28, and an average monthly balance of $0.19. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.86, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged deprivation of his rights under the United States Constitution.  Named as defendant is Gary Lynn Fife, Records Officer for the Missouri Department of Corrections.  Plaintiff seeks injunctive and monetary relief.

Plaintiff claims that he was given an enhanced sentence under Mo. Rev. Stat. § 558.016 because he was a "persistent offender"[1] under Missouri law.  Plaintiff believes that the Missouri Department of Corrections Guidelines mandate that the time to be served before an inmate is eligible for parole under § 558.016 is from twenty-five percent of the sentence to forty-six months maximum.

Plaintiff alleges that defendants have applied Mo. Rev. Stat. § 558.019 in calculating plaintiff's eligibility for parole.  Plaintiff states that under this section, he is not eligible for parole until he has served eighty percent of his sentence.

Plaintiff believes that defendants have applied the incorrect statute in determining his parole, and plaintiff further believes that such a miscalculation is a violation of his constitutional rights.  Plaintiff seeks a court order directing the Department of Corrections to calculate is parole eligibility under § 558.016.

**Discussion**

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)).  As a result, the complaint fails to state

---

[1] "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times."  Mo. Rev. Stat. § 558.016.

3

a claim under 42 U.S.C. § 1983, and the Court shall dismiss the complaint prior to service of process.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.86 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this   5th   day of February, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that plaintiff is mistaken as to how §§ 558.016 and 558.019 interact. Section 558.016 defines the term "persistent offender" and dictates the *maximum* prison terms for persistent offenders convicted of various types of felonies. Section 558.019, on the other hand, dictates the *minimum* prison terms for persistent offenders, depending on the number of previous convictions.